Dear Dr. Falterman:
This office is in receipt of your request for an opinion of the Attorney General in regard to fees collected for the coroner's operational fund. You inquire whether a City Court judge in Iberia Parish must collect the fee provided for in R.S.33:1572(A)(2) to defray the operational costs of the office of the coroner of Iberia Parish. The statute provides as follows:
R.S. 33:1572. Coroner's Operational Fund Established
 A(1) Except as provided in R.S. 13:996.9 and R.S. 13:996.34, in addition to the criminal costs authorized by law, each judge, including those of city courts, may impose a ten dollar fee on every defendant who is convicted after trial or plea of guilty, except for traffic violations, which fee shall be dedicated solely to defraying the operational costs of the coroner of the parish in which the conviction occurred. However, in the district court in St. Landry Parish, the fee provided in this Section shall be imposed.
 (2) In criminal cases, including traffic violations, in all courts in Iberia Parish, a fee of not less than five nor more than ten dollars shall be imposed on every defendant who is convicted after trial or plea of guilty, which fee shall be used solely to defray the operational costs of the office of the coroner of the parish. (Emphasis added.)
We do not believe that a judge in Iberia Parish in a criminal case, including traffic violations, has any discretion about collecting a fee to be used to defray the operational costs of the coroner's office except as to an amount which cannot be more than ten or less than five dollars. He must collect a fee within this range.
Under the statute courts of other parishes are given discretion in assessing the fee inasmuch as paragraph (1) provides, except for the district court in St. Landry, that each judge "may" impose a fee to defray the operational costs of the office of the parish coroner. However, paragraph (2) mandates by the use of the word "shall" that the fee must be collected in all courts in Iberia Parish.
You write you are requesting an opinion of this office, "and assistance in this matter" as soon as possible. You inquired by telephone as to the possibility of this office giving you assistance by legal representation.
This opinion may resolve your problem so that you do not have to resort to legal representation, but this office has concluded that the Attorney General's office is not the legal representative of a coroner who is a parish official. It was observed in Atty. Gen. Op. No. 86-700 that no statute was found that authorizes or requires the Attorney General to represent a coroner in any civil action brought against him; and was also found that neither R.S. 16:2 or 42:261 imposes any duty upon the district attorney to specifically represent a coroner. It was felt the parish governing authority would have an economic interest to protect and would be responsible for providing a legal defense for the coroner and his staff, and observed that the police jury may employ special counsel to represent the coroner.
We recognize in the instant case the coroner would not be involved in litigation as a defendant, but it would follow that the parish governing authority would have an economic interest in having the court collect the authorized fee. It defrays the operational costs of the office of the coroner, and he cannot request additional funds from the parish governing authority to defray the costs of his office until all funds provided by the statute have been accounted for.
We hope this sufficiently answers your inquiry.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR